WISCONSIN FURNITURE CO. v. BLUMBERG.

(Circuit Court of Appeals, Seventh Circuit.  January 6, 1914.)

No. 2032.

1. PATENTS (§ 316*)—CONSTRUCTION.
    In an infringement suit, a claim of the patent, although not involved, may be examined, as affecting the construction of the claims which are in suit.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 562; Dec. Dig. § 316.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—EXTENSION TABLE.
    The Klein patent, No. 602,509, for an extension table, construed, and held not infringed.

Appeal from the District Court of the United States, for the Eastern Division of the Northern District of Illinois; Arthur L. Sanborn, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by the Wisconsin Furniture Company against J. Blumberg. Decree for defendant, and complainant appeals. Affirmed.

Appellant, assignee of the Klein patent, No. 602,509, April 19, 1898, for an extension table, filed its bill to enjoin appellee from infringing the two claims of that patent.

The drawings are as follows:

In the specification applicant described his invention in these words:

"The objects of my invention are: First, to secure such a balance of the respective parts that the joints will not cramp or bind, and that the table may be easily extended or shortened by a single person; second, to cheapen the

construction by reducing the number and variety of parts used in the construction of the table.

"In the following description reference is had to the accompanying drawings, in which:

"Figure 1 is a top view, showing one of my tables in an extended position, the table shown being of small size. Fig. 2 is a similar view, showing my invention applied to a medium-sized table. Fig. 3 is a third top view, showing my invention applied to tables of large size. Fig. 4 is a cross-section drawn on line XX of Fig. 3.

"Like parts are identified by the same reference letters throughout the several views.

"Referring to Fig. 1, it will be observed that the legs A (shown in dotted lines) are secured directly to the respective cross-rails B and that the latter are connected by guide-bars C, which are rigidly attached at each end to the cross-rails. The permanent top boards D are secured to the slide-bars E, which are dovetailed to the bar C, those of the left-hand top board being arranged to slide upon the outer sides of the bars C and those of the right-hand top board being arranged on the inner side of the bars C. It will be observed that the slides have a bearing in the guide-bars equal to the width of the top board, and as the latter are extended independently of the legs there is no tendency to cramp or bind the slides.

"In Fig. 2 the construction is the same as that of Fig. 1 with the exception that I have substituted for the guide-bars C of Fig. 1 the double guide-bars FF, which are dovetailed together and arranged to slide upon each other, thus permitting the legs to be separated also. In this form the weight of the top boards extended beyond the legs counterbalances the weight of the center portion, as the slides E of the top boards extend inwardly upon the guide-bars FF to a considerable distance, and thus aid in supporting the latter.

"In Fig. 3 I show a further modification of my invention intended especially for tables of largest size. The four center legs A are connected by the cross-rails B and guide-bars C in the same manner as is shown in Fig. 1. Two additional pairs of legs A'A' are also provided, having cross-rails B', to which are attached the slide-bars GG, running on the bars C, and which also serve as guide-bars for the slide-bars E E of the top boards. When this table is folded, the legs A and A' are brought together, as shown in Fig. 4."

The claims are as follows:

"1. In an extension-table, the combination with the table-legs connected in pairs by cross-rails, of the horizontal connecting guide-bars uniting the pairs of table-legs, and a pair of permanent top boards adapted to meet when the table is closed, and provided with bars rigidly attached thereto and slidably engaging the connecting guide-bars between the cross-rails, whereby the top sections are permitted to move independently of the legs, substantially as described.

"2. In an extension-table, the combination of a central set of four legs rigidly united by connecting cross-rails and fixed horizontal guide-bars, movable legs connected in pairs by cross-rails and provided with sliding guide-bars engaged by the fixed guide-bars of the central legs, and a pair of permanent top boards adapted to meet when the table is closed, and having bars rigidly attached thereto and slidably engaging said sliding guide-bars, whereby the outer legs are permitted to move independently of the central legs, and the top boards independently of any of the legs, substantially as described."

After appellee had closed his proofs, appellant during its rebuttal withdrew claim 1 from the contest.

Appellee's alleged infringing table has for its center support, not the four center legs A of Figure 3, but a single leg fastened at the middle of a single piece of bridging at the middle point of the central pair of slide-bars.

On the hearing of the proofs the trial court held that appellee's table did not infringe claim 2 of the patent, and this appeal resulted.

Albert C. Bell, of Chicago, Ill., for appellant.
George T. May, Jr., of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). By looking at Figure 2 of the drawings it will be observed that the main supports, the four corner legs marked $A'$, are fastened not to the ultimate but to the penultimate pairs of guide-bars. By this construction the table is extensible not only by the spreading of the legs but also by the spreading of the permanent top boards independently of the legs. This last feature, namely, the extensibility of the top while the legs remain stationary, is exhibited in Figure 1. If in Figure 2 the four corner legs $A'$ were bridged and fastened upon the outer pairs of guide-bars, the table would be extensible only as the legs were spread apart. That is the old style extension table.

From a reading of the specification we think it very clear that Klein believed that he was the inventor of the extension-top feature and that this was the important part of his application. This feature, in combination with the other parts necessary to its use, is expressed in claim 1, which covers the three forms of construction shown in the drawings. But Klein was mistaken in his belief. If the appellant's withdrawal of the claim in the face of appellee's proof may not be taken as an admission of the fact, the proof itself with respect to the prior use of a so-called Christiansen table and also the exhibition of the Pratt patent No. 5,905, November 7, 1848, indisputably establish that the extensibility of the top while the legs remain stationary was not the invention of Klein.

[1] Appellant contends that, inasmuch as claim 1 was withdrawn, that claim cannot now be considered as in the case for any purpose. But the claim itself and particularly that part of the applicant's description of his invention on which the claim is based are parts of the patent and may properly be examined for the purpose of determining exactly what the applicant had in mind in framing claim 2 and what invention, over and above the invention set out in claim 1, he was intending to cover by claim 2.

[2] Referring to the description of Figure 3, it will be noted that the applicant said that "the four center legs $A$ are connected by cross-rails $B$ and guide-bars $C$ in the same manner as is shown in Figure 1." That is, the central portion of the table shown in Figure 3 is exactly the self-contained and self-supporting framework on which the sliding top boards are placed in Figure 1. But, since in Figure 3 the permanent top boards are to be spread very much farther apart, "two additional pairs of legs $A'$ $A'$ are also provided." Now, inasmuch as tables with extensible frames were old and tables with extensible tops had been made by Pratt and by Christiansen prior to Klein's time, there could be no invention in claim 2 over and above the invention set out in claim 1 except the union in one structure of the extension-frame table and the extension-top table with "a central set of four legs rigidly united by connecting cross-rails and fixed horizontal guide-bars."

Appellee's alleged infringing table does not have the self-contained

and self-supporting central structure of claim 2. But on behalf of appellant it is urged that, since by bringing the four legs *A* nearer and nearer together they could be made to merge into one central supporting leg, appellee by so doing has obtained the benefit of the invention covered by claim 2. An inventor is entitled of course, against infringers, to a range of equivalents that will give him protection fully as broad as the scope of his invention. And if in this case Klein were the originator of the idea and of the general means of providing a central support to guard against the sagging that is more or less inevitable in structures where the side members are not rigid, but only slidably connected, it might be easily possible to hold that the central support in appellee's table was the equivalent of the central support of the patented structure. But in extension tables of the old style it was a well known and common practice, long before Klein's time, to bridge the central pair of sliding guide-bars and to fasten a leg at the center point of such bridge. If claim 2 of the patent in suit were to be reconstructed so as to claim the central support of the ancient extension table, we could not uphold the claim, because in a table having both an extensible frame and an extensible top the purpose of supplying the single central supporting leg would be exactly the same as in old style tables having only the extensible frame. It is only by differentiating the old and commonly used central support of the old style extension tables from the central support exhibited in Figure 3 that claim 2 can be sustained. And under that construction of claim 2 it is impossible to hold that appellee has infringed by using upon an extension-top and extension-frame table the old and well known single central supporting leg.

The decree is affirmed.